United States District Court
Southern District of Texas
FILED

FEB 2 5 2010

Clerk of Court

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| K-SEA OPERATING PARTNERSHIP, LP | § | |
| Plaintiff | § § § | |
| | § | CIVIL ACTION NO. __4:10 cv S97__ |
| VERSUS | § § | |
| | § | **Admiralty Rule 9(h)** |
| GRIFCO TRANSPORTATION, LTD. , ET AL. | § § | |
| Defendants | § § | |
| | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

**COMES NOW** K-SEA OPERATING PARTNERSHIP, LP. ("K-Sea" or "Plaintiff") and files its Original Verified Complaint against ROEHRIG MARITIME, LLC ("Roehrig"), GRIFCO TRANSPORTATION, LTD. ("Grifco"), and the M/V NATALIE ALEXANDER, *in rem*, (the "NATALIE ALEXANDER") (collectively sometimes referred to as "Defendants") and for this cause of action respectfully shows as follows:

### I.

This is an action under the admiralty and maritime jurisdiction of this Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction pursuant to 28 U.S.C. § 1333.

### II.

At all times material to this action, K-Sea was, and now is, a corporation organized and existing under and by virtue of the laws of the state of New Jersey, and was and now is, the owner of the M/V KTC-71.

### III.

At all times material to this action, Defendant Roehrig was, and now is, a corporation organized and existing under and by virtue of the laws of the state of New York. Roehrig is

present within the state of Texas by conducting business and having committed a tort, in whole or in part, in the state of Texas. Defendant can be served according to the laws of the state of Texas, by service upon the Secretary of State of Texas as its agent for service of process, with copies to be provided to Defendant at its corporate address, 1 School Street, Suite 202 Glen Cove, New York 11542.

## IV.

At all times material to this action, Defendant Chris Roehrig was, and now is, a citizen and resident of the state of Texas and can be served according to the laws of the state of Texas, by certified mail, return receipt requested, at his last known address, 1 School Street, Suite 202 Glen Cove, New York 11542.

## V.

At all times material to this action, Defendant Grifco was, and now is, a corporation organized and existing under and by virtue of the laws of the state of Texas. Grifco is present within the state of Texas by conducting business and having committed a tort, in whole or in part, in the state of Texas. Defendant can be served according to the laws of the state of Texas, by certified mail, return receipt requested, at its corporate address, 9001-A Frey Road, Houston, Texas 77034.

## VI.

The NATALIE ALEXANDER is a towing vessel believed to be owned, operated, or chartered at all relevant and material times as well as presently by Grifco.

## VII.

Prior to and at all times hereinafter described, K-Sea exercised due diligence to make and to maintain the KTC- 71 in all respects seaworthy; and at all times hereinafter described the KTC-71 was, in fact, tight, staunch, strong, and fully and properly equipped and competently

- 2 -

manned, and in all respects seaworthy and fit and proper for the service in which the KTC-71 was engaged until the occurrence of the casualty hereinafter described.

## VIII.

On February 25, 2007, the KTC-71 was in tow of the Roehrig-owned and -operated vessel, M/V HEIDI ROEHRIG ("HEIDI ROEHRIG"), outbound in the Houston Ship Channel. The NATALIE ALEXANDER, a towboat also in tow of a barge, was inbound in the Houston Ship Channel.  Due to the negligence of either or both Roehrig and Grifco and the unseaworthiness of the NATALIE ALEXANDER, the tows collided, resulting in damage to the KTC-71.

## IX.

The collision damage resulting from this incident was not caused or contributed to by any fault or negligence by the KTC-71 or her unseaworthiness, but was caused by the negligence of the navigators of the HEIDI ROEHRIG and the NATALIE ALEXANDER and their failure to  properly control their vessels, and the unseaworthiness of the NATALIE ALEXANDER for all of which Defendants are responsible.

## X.

As result of the aforesaid casualty, K-Sea has sustained damages for the repair of the KTC-71 and other expenses presently estimated at $100,000.00 together with attorneys' fees, interest, and costs.  Defendants are  liable for these damages.

## XI.

K-Sea brings this action against Defendants for the damages arising from this incident on its own behalf and as agent and trustee on behalf of all persons or Underwriters who paid any portion of the repair of the KTC-71 as their respective interests may ultimately appear.

**XII.**

K-Sea reserves the right to amend any article of this Complaint as facts become better known to it.

**XIII.**

All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff prays that:

(1)     Summons under due form of law be issued against Defendants;

(2)     Judgment be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with pre- and post-judgment interests, and the costs of disbursements of this action;

(3)     Plaintiff may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

Thomas R. Nork
TBA No. 15078500; Federal ID 12690
tom.nork@phelps.com
700 Louisiana Street, Suite 2600
Houston, Texas 77002
(713) 626-1386
FAX (713) 626-1388

**ATTORNEY-IN-CHARGE FOR PLAINTIFF K-SEA
PARTNERSHIP, LP**

- 4 -

PD.3937628.1

OF COUNSEL:
**PHELPS DUNBAR LLP**
Marc G. Matthews
TBA No. 24055921; Fed ID No. 705809
marc.matthews@phelps.com

And

Thomas M. Canevari
Freehill Hogan and Mahar LLP
80 Pine Street
New York , N.Y. 10005-1759
212-425-1900
FAX 212-425-1901

PD.3937628.1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **K-SEA OPERATING PARTNERSHIP, LP** | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| **VERSUS** | § | |
| | § | **Admiralty Rule 9(h)** |
| | § | |
| **GRIFCO TRANSPORTATION, LTD. , ET AL.** | § | |
| | § | |
| Defendants | § | |
| | § | |

## VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

On this day, **Thomas R. Nork** appeared before me, the undersigned Notary Public, and after I personally confirmed his identity through his presentation of personal identification that included his photograph, and administered an oath to him, upon his oath, he said:

My name is Thomas R. Nork and I am the attorney-in-charge for Plaintiff herein. I have read the foregoing Verified Original Complaint and know the contents thereof, and that the same is true and correct based upon my knowledge, information and belief, the source of my knowledge and the grounds for my belief being information obtained from my client and investigation by me; and I am specifically authorized by Plaintiff to make this Verification on its behalf. The reason that this verification is made by the undersigned is that I am the attorney of record for Plaintiff which is a corporation without officers or director within this district.

_____
THOMAS R. NORK

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ___ DAY
OF FEBRUARY, 2010

_____
NOTARY PUBLIC FOR THE STATE OF TEXAS
My Commission Expires:



EILEEN O'NEILL
MY COMMISSION EXPIRES
June 4, 2012

- 6 -

PD.3937628.1